Daniel, Judge,
 

 after stating the case as above, proceeded: It is proved to our satisfaction, that the body of the paper writing, set out in the bill as the agreement, is in the proper handwriting of the plaintiff. Three witnesses depose, that they were acquainted with the hand writing of William Smith, and that the signature to the paper writing is in the proper handwriting of the plaintiff’s father, William Smith. Two witnesses testify that the father had, in conversation with them and others, said that he had agreed to sell the land to the plaintiff. The plaintiff has failed to prove, that he ever paid a cent of money, or that he ever was possessed of
 
 *85
 
 money at any one time to the amount set forth in the receipt. On behalf of the defendant, one witness deposes that he was acquainted with the handwriting of William Smith, and that the signature to the supposed agreement, is not in his handwriting. Many witnesses depose, that the plaintiff, frequently, and at divers times and places, immediately after the death of his father, and for years afterwards, said that he had not the scratch of a pen in writing from his father for the land; that he had no right by any writing for the land; he appeared uneasy on account of his home. When the dower of his mother was laid off, the plaintiff was present} and made no objection that the land in dispute should be included to make up the quantity, out of which she was to take dower. The paper now attempted to be set up as an agreement, was not shewn by the plaintiff to any person until long after the death of his father. The father made a will and died in January, 1835. The will did not have the necessary number of witnesses to pass lands. In this will, the lands in dispute were attempted to be devised to the plaintiff. Taking together all the evidence and circumstances in the case, we must say that we are not satisfied, that William Smith ever affixed his name to the paper, as evidencing an agreement on his part to sell, or as a receipt for the purchase money of the land. There are too many circumstances In the case tending to shew that the plaintiff either signed his father’s name, or that he wrote the receipt and agreement over the genuine name of his father, found on some blank piece of paper. We cannot think that any agreement is proved — certainly not sufficiently proved, so as to call for a decree for a specific performance.
 

 Upon the hearing, the plaintiff’s counsel set up a claim for compensation, in case the court should deem the alleged purchase not proved. In answer to that claim, it is sufficient for us to say, that under the prayer for general relief, none can be granted, but such as is warranted by the case made in the pleadings; and the sole ground upon which the bill asks any relief is upon the particular purchase, alleged to be evidenced by a written memorandum, which allegation is not sustained to our satisfactian. If the plaintiff can make
 
 *86
 
 any case at law, either for damages or compensation, this decisión will not stand in his way.
 

 The bill must be dismissed with costs.
 

 Per Curiam.’ Bill dismissed.